IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| NORMAN HOEWISCHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| AIRGAS SOUTH INC., JAY SULLIVAN, ) | Civil Action No. 3:10-CV-656-J-32 |
| JACKSONVILLE BAGEL ) | |
| ENTERPRISES, and SAMUEL PRICE, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS AIRGAS SOUTH, INC. AND JAY SULLIVAN'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendants AIRGAS SOUTH, INC. ("Airgas") and Jay Sullivan ("Sullivan") (collectively Defendants), by and through their undersigned counsel, answer the consecutively numbered paragraphs of the Complaint, and set forth their Answer and Affirmative Defenses, as follows:

**JURISDICTION**

1.

Answering paragraph 1 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to whether this Court has jurisdiction over this matter and therefore denies that allegation. Specifically, Defendants are without knowledge or information sufficient to form a belief as to whether Plaintiff has standing to bring the instant action against Defendants. Defendants deny the remaining allegations set forth in paragraph 1 of the Complaint.

2.

Answering paragraph 2 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiff is: (1) a resident of the state of Florida; (2) sui juris; and (3) disabled as defined by the ADA.  Therefore, Defendants deny those allegations.  Defendants deny the remaining allegations set forth in paragraph 2 of the Complaint.

3.

Answering paragraph 3 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 3 of the Complaint, and therefore, denies those allegations.

4.

Answering paragraph 4 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiff visited the facility at issue, and therefore deny that allegation.  Defendants deny the remaining allegations set forth in paragraph 4 of the Complaint.

5.

Defendants deny the allegations set forth in paragraph 5 of the Complaint.

6.

Answering paragraph 6 of the Complaint, Defendants admit that Defendant Airgas transacts business in the state of Florida and that it is party to a lease concerning property located at 5225 Phillips Highway, Jacksonville, Florida.  Defendants deny the remaining allegations set forth in paragraph 6 of the Complaint.

## FACTUAL ALLEGATIONS AND CLAIMS

7.

Defendants admit the allegations set forth in paragraph 7 of the Complaint.

8.

Answering paragraph 8 of the Complaint, Defendants state that the ADA (and its legislative history and any interpretative regulations) speaks for itself. To the extent paragraph 8 of the Complaint sets forth any substantive allegations, Defendants deny those allegations.

9.

Answering paragraph 9 of the Complaint, Defendants state that the ADA (and its legislative history and any interpretive regulations) speaks for itself. To the extent paragraph 9 of the Complaint sets forth any substantive allegations, Defendants deny those allegations.

10.

Answering paragraph 10 of the Complaint, Defendants state that the ADA (and its legislative history and any interpretative regulations) speaks for itself. To the extent paragraph 10 of the Complaint sets forth any substantive allegations, Defendants deny those allegations.

11.

Answering paragraph 11 of the Complaint, Defendants state that paragraph 11 of the Complaint recite legal conclusions to which no responsive pleading by Defendants can or should be framed. To the extent an answer is warranted, Defendants deny the allegations set forth in paragraph 11 of the Complaint.

12.

Answering paragraph 12 of the Complaint, Defendants state that the ADA (and its legislative history and any interpretive regulations) speaks for itself. To the extent paragraph 12 of the Complaint sets forth any substantive allegations, Defendants deny those allegations.

13.

Defendants deny the allegations set forth in paragraph 13 of the Complaint.

14.

Answering paragraph 14 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiff visited the facility at issue, and therefore denies that allegation. Defendants deny the remaining allegations set forth in paragraph 14 of the Complaint.

15.

Answering paragraph 15 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiff intends to visit the facility at issue in the future, and therefore denies that allegations. Defendants deny the remaining allegations set forth in paragraph 15 of the Complaint.

16.

Defendants deny the allegations set forth in paragraph 16 of the Complaint.

17.

Defendants deny the allegations set forth in paragraph 17 (including subparagraph "a" – "o" of the Complaint). Defendants are continuing to investigate the allegations in paragraph 17 in order to ensure that it fully complies with the ADA.

18.

Defendants deny the allegations set forth in paragraph 18 of the Complaint.

19.

Answering paragraph 19 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiff visited the facility at issue, and therefore deny that allegation. Defendants deny the remaining allegations set forth in paragraph 19 of the Complaint.

20.

Defendants deny the allegations set forth in paragraph 20 of the Complaint.

21.

Defendants deny the allegations set forth in paragraph 21 of the Complaint.

22.

Answering paragraph 22 of the Complaint, Defendants deny that Plaintiff has been "obligated" to retain counsel for the filing and prosecution of this action. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations set forth in paragraph 22 of the Complaint, and therefore deny those allegations as well.

23.

Answering paragraph 23 of the Complaint, Defendants state that the ADA (and its legislative history and any interpretive regulations) speaks for itself. To the extent paragraph 23 of the Complaint sets forth any substantive allegations, Defendants deny those allegations.

24.

Answering the "WHEREFORE" clause on page 9 of the Complaint, Defendants deny that Plaintiff is entitled to any relief whatsoever, whether set forth in the "WHEREFORE" clause, or otherwise.

Except as specifically admitted hereinabove in response to the numbered paragraphs and unnumbered paragraphs, Defendants deny any and all other claims or allegations which are raised, or may have been raised, by or in the Complaint.

### AFFIRMATIVE AND OTHER DEFENSES

Defendants set forth the following affirmative and additional defenses, but expressly do not assume the burden of proof with respect to any such defense(s), except as otherwise required by applicable law or rule with respect to the particular defense(s) asserted.

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's Complaint may be barred, in whole or in part, by the applicable limitations periods.

### THIRD DEFENSE

All or part of Plaintiff's Complaint is barred by the failure of all conditions precedent to suit having been performed or having occurred. Plaintiff has not followed the prerequisites to suit set forth in 42 U.S.C. § 2000e–3(a). See 42 U.S.C. § 12188(a)(1). Specifically, Plaintiff did not notify the appropriate State or local authority by registered mail or in person of Defendants' alleged violations of Title III of the ADA at least thirty (30) days prior to the filing of Plaintiff's Complaint.

**FOURTH DEFENSE**

Plaintiff's Complaint is barred, in whole or in part, because the relief requested would fundamentally alter the nature of the facility at issue and/or the service or accommodation offered by Defendants and/or would result in an undue burden to Defendants.  See 42 U.S.C. §§ 12182(b)(2)(A)(ii)-(v).

**FIFTH DEFENSE**

Plaintiff's Complaint is barred, in whole or in part, because the requested relief is not readily achievable.  See 42 U.S.C. §§ 12181(9), 12182(b)(2)(A)(iv).

**SIXTH DEFENSE**

This Court does not have jurisdiction over the instant case because Plaintiff does not have standing to sue Defendants.

**SEVENTH DEFENSE**

Defendants lack ownership, custody or control of certain common elements of the alleged site and therefore is not a proper party as to any such alleged violations and Plaintiff has failed to join indispensable parties necessary to provide complete relief as to those alleged violations.

**EIGHTH DEFENSE**

Some or all of Plaintiff's claims are barred because Plaintiff attempts to impose obligations on Defendants not provided for in the ADA.

**NINTH DEFENSE**

The Complaint should be dismissed for insufficiency of service of process. Specifically, Defendant Sullivan has not been properly served with a copy of this lawsuit.

## **TENTH DEFENSE**

Defendants reserve the right to amend or assert additional defenses as they arise throughout this litigation.

WHEREFORE, Defendants pray for judgment as follows:

1. That judgment be entered in favor of Defendants and against Plaintiff, and that the Complaint herein be dismissed with prejudice;

2. That Defendants be awarded its costs of suit herein; and

3. That Defendants be granted such other and further relief as the Court may deem just and proper.

This 1st day of October, 2010.

        Respectfully submitted,

        LITTLER MENDELSON, P.C.
        *Attorneys for Defendants*
        Suite 1500 - One Biscayne Tower
        2 S. Biscayne Boulevard
        Miami, Florida 33131
        Telephone: (305) 400-7500
        Facsimile:  (305) 603-2552

        By: /s/ Courtney B. Wilson
        Courtney B. Wilson
        Florida Bar No. 614580
        E-Mail:  cwilson@littler.com

        AND

LITTLER MENDELSON, P.C.
Jerry C. Newsome
Nathan J. Allen
Telephone:  (404) 233-0330
Facsimile:  (404) 233-2361

Jerry C. Newsome
Georgia Bar No. 541635
E-Mail:   jnewsome@littler.com
(*pro hac vice motion to be filed*)

Nathan J. Allen
Georgia Bar No. 141304
E-Mail:   nallen@littler.com
(*pro hac vice motion to be filed*)

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| NORMAN HOEWISCHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| AIRGAS SOUTH INC., JAY SULLIVAN, | )  Civil Action No. 3:10-CV-656-J-32 |
| JACKSONVILLE BAGEL | ) |
| ENTERPRISES, and SAMUEL PRICE, | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2010, I submitted the foregoing **DEFENDANTS AIRGAS SOUTH, INC. AND JAY SULLIVAN'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to:

>Todd W. Shulby, Esq.
>TODD W. SHULBY, P.A.
>4705 S.W. 148 Avenue, Suite 102
>Davie, Florida 33330-2417
>tshulby@shulbylaw.com

>/s/ Courtney B. Wilson
>Courtney B. Wilson
>
>Attorney for Defendants

Firmwide:97750240.2 060493.1003